Citation Nr: 1641968 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 11-25 314 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Entitlement of a one-time payment from the Filipino Veterans Equity Compensation (FVEC) Fund.



ATTORNEY FOR THE BOARD

J. H. Nilon, Counsel


INTRODUCTION

The appellant asserts she served as a member of the Philippine Commonwealth Army, to include recognized guerrilla groups, in the service of the United States Armed Forces.


This matter comes before the Board of Veterans' Appeals (Board) on appeal of a March 2010 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines, which denied the appellant's request for a one-time payment from the FVEC Fund, based on a determination that she did not have qualifying military service.

The Board issued a decision in June 2013 that denied the appellant's claim. The appellant thereupon appealed pro se to the United States Court of Appeals for Veterans Claims (Court). While the case was pending the Court issued a decision in Tagupa v. McDonald, 27 Vet.App. 95 (2014) holding that a statement of "no qualifying service" from the National Personnel Records Center (NPRC) is not sufficient, and that VA must seek verification from the United States Army. In February 2015 the Court vacated the Board's decision and returned the case to the Board for further development in light of Tagupa.

In October 2015 the Board remanded the case to the RO for development required by the Court. The case has now been returned to the Board; however, the actions required by the Board and by the Court were not accomplished. The appeal is accordingly once again REMANDED to the Agency of Original Jurisdiction (AOJ) for actions in compliance with the original remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998). VA will notify the appellant if further action is required on her part.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).


REMAND

As noted in the Introduction, the Board remanded the case to the AOJ in October 2015 for development as required by Tagupa. Specifically, the AOJ was required to forward the information provided by the appellant regarding her military service to the appropriate Service Department, as separate from the NPRC, and request verification of whether the appellant had service as a member of the Philippine Commonwealth Army, including recognized guerrilla groups, in the service of the U.S. Armed Forces during World War II (emphasis added).

The AOJ thereupon submitted a VA Form 21-3101 (JF) (Request for Information) asking the U.S. Army to verify qualifying service. However, the response, received in March 2016, is signed by the NPRC, not by a representative of the U.S. Army. Also of record is a March 2016 letter from the NPRC stating that under the guidance established by the Department of the Army the NPRC is not able to use the documents provided by the appellant to verify service. Nothing in this exchange of information shows the appellant's documents were actually reviewed by the U.S. Army Human Resources Command or any other agency of the United States Army, as specifically required by the Board's remand.

A remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order, and where the remand orders of the Board were not complied with the Board errs in failing to insure compliance; in such situations the Board must remand back to RO for further development. Stegall, 11 Vet. App. 268, 271.

Accordingly, the case is REMANDED for the following action:

1. The AOJ must submit a request to the United States Army for verification that the present appellant performed qualifying service in the Philippine Commonwealth Army, to include organized guerrilla groups, in the service of the United States Armed Forces. The Army's response must be associated with the appellant's VA file.

2. The AOJ should also perform any additional development deemed warranted.

3. Then, readjudicate the claim. If the claim remains denied issue the appellant a supplemental statement of the case and provide her an appropriate period in which to respond before the case is returned to the Board for further appellate action.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This appeal has been advanced on the Board's docket and must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KATHLEEN K. GALLAGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).